### No. 13,971.

### State of Louisiana vs. Eva Smith.

106    33
122   1101

### Syllabus.

1. Where, in a case appealable to this court, the transcript, duly filed, contains a correct copy of a bill of exception as prepared by counsel and signed by the trial judge, *certiorari* will not lie to obtain the reasons of the trial judge, not given originally and not incorporated in said bill.
2. A bill of exception which contains neither the grounds of exception nor the reasons for overruling them, is defective, and is not entitled to notice.
3. The opinions of non-expert witnesses, as to the imbecility, or insanity, of the accused, are admissible only in connection with testimony as to the facts upon which such opinions are predicated.

APPEAL from the Eighteenth Judicial District, Parish of Lafayette—*DeBaillon, J.*

---

*Walter Guion,* Attorney General, and *William Campbell,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

---

*Gus. A. Breaux,* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. Defendant was convicted of perjury and sentenced to imprisonment at hard labor. The transcript contains a single bill of exception, which reads as follows, to-wit: "Be it remembered that on the trial of this case the accused, through her counsel, offered to prove, by the following witnesses, viz: Justilien Guillote, Theodule Guillote, and Charles Smith, all competent witnesses, that the accused was, at the date of committing the act of which she is accused, and for which she is being prosecuted, and has been, through life, an imbecile, with such very limited intelligence that she could not judge between the right and wrong of the crime of perjury, to all of which evidence the district attorney, on behalf of the State, objected that * * * * *

Which objection was maintained by the court, and the evidence excluded. To this ruling the accused excepted and presented this bill of exceptions, which was duly signed by the judge. Done and signed in open court, this 13th day of April, 1901.

(Signed) C. DeBaillon, Judge, 18th Jud. Dist., La."

After the filing of the transcript in this court, the Attorney General, being under the impression that something had been omitted from the bill, in the transcription, applied for, and obtained, a writ of *certiorari,* directing the clerk to complete the transcript. But the clerk returned that the transcript was complete, and that the bill, as copied therein, is a correct copy of the original. Thereupon, the Attorney General obtained a similar writ, in the alternate form, directing the judge *a quo* to state, in writing, his reason for refusing to permit the witnesses named in the bill to testify, or show cause to the contrary; to which the judge makes the following return, to-wit:

"The undersigned respondent, for answer and return to the writ of *certiorari* in the above entitled proceedings, says, that the same should not be peremptory and the relief sought should not be granted, because the record, as made up and filed in your Honorable Court, is complete, and correct; and that nothing can be added to it, whether the record be sufficient or insufficient to maintain the verdict and sentence. Further answering, respondent returns that the bill of exceptions was handed to him after sentence and when respondent was about to adjourn court for that session, late Saturday evening; finding that the objections, which had been made to the excluded testimony, had not been incorporated in the bill, respondent signed the bill without assigning any reasons, not deeming it necessary to assign any under the circum-

stances. Further answering, respondent returns that the object of the excluded testimony was to obtain the opinion of the witnesses as to the sanity of the accused; that she was, and had been through life, an imbecile with such limited intelligence that she could not judge between the right and wrong of the crime of perjury; and this, by non-expert testimony, by farmers, of very limited education and experience. The witnesses were not offered to prove the acts, deportment, conversations, declarations, etc., of the accused, from which the jury could have judged her mental condition. There was no pretense that the mania, or imbecility, existed when she committed the perjury; it was not shown that said witnesses were present in court when the accused testified in the case wherein the perjury was assigned. The accused was a material witness for the State in the prosecution of "State of Louisiana vs. Thomas Dickson," charged with rape, and her testimony had sufficient effect upon the jury to obtain a qualified verdict; her testimony was full and complete upon that trial, and she did not impress any one in court that she was insane, or that she was an imbecile. On the contrary, she clearly satisfied every one that she was intelligent, cool, and deliberate, and above the average of her race. On her trial, she testified fully and intelligently. Her acts, conduct, demeanor, etc., on the witness stand, failed to show any such *indicia* of mental condition, as usually and naturally accompany and furnish proof of an existing malady or diseased mind. She was interrogated by the jury and answered all questions intelligently, and she satisfied the jury that she was what is known in this country as a 'smart colored woman.'"

We are of the opinion that the objection made by the respondent judge to the granting of the writ of *certiorari* is well made, as the transcript already contained a certified copy of all the proceedings had in the suit in connection with which the writ was applied for. C. P. 855. In an unappealable case, where the trial judge has "refused to hear the party, or his witnesses, or has pronounced sentence without having cited them to appear," *certiorari* is the proper remedy whereby to bring up, for revision, by means of a certified copy, the entire record. C. P. 857. But, where such record is already lodged in this court, the writ has no function to discharge.

The bill of exception relied on was copied into the transcript exactly as it was prepared by the defendant's counsel and signed by the judge. And, as so prepared and signed, it "contains neither the grounds of

objection nor the reasons for overruling them, is defective and is not entitled to notice." State *ex rel.* Muller vs. Drew, Judge, 32 Ann. 1024; Davis vs. Millaudon, 14 Ann. 808.

The counsel for the defendant undertakes to supply these omissions by stating, in his brief, the grounds of objection urged by the district attorney; by stating that whilst the bill "was submitted to the district attorney to note his objection, and then to the judge for signature, neither saw proper to state it," and it is further stated in the brief that "the bill of exceptions shows that the testimony of competent witnesses was offered on the trial of the case, as to the facts and actions of the accused through her life, that the jury might draw its own conclusions as to the moral responsibility of the accused on her plea of insanity, which the court refused to hear."

We fail to find in the bill any reference to "facts and actions," whilst the return of the trial judge states specifically that, "the witnesses were not offered to prove the acts, deportment, conversations, declarations, etc., of the accused, from which the jury could have judged her moral condition," but "that the object of the excluded testimony was to obtain the opinion of the witnesses as to the sanity of the accused; that she was and had been, through life, an imbecile, with such limited intelligence that she could not distinguish between the right and wrong of the crime of perjury, and this by non-expert testimony of farmers, etc."

Under the circumstances, whilst we are far from holding that imbecility and insanity can be established only by expert testimony, we are of opinion that it is within the province of the trial judge to determine whether witnesses offered as experts, as he says that the witnesses in question were offered, are entitled to be heard in that capacity. "Before a witness can be permitted to testify as an expert, his fitness and character as such should be established by a preliminary examination, and in ascertaining his competency the court may examine the witness himself, or may find the fact from the testimony of others. This fitness of a witness to testify as an expert is a question of fact, and it is addressed, in every instance, to, and lies within, the sound discretion of the trial court." Enc. Pl. & Pr., Vol. 8, pp. 745, 746, 747. A non-expert witness who had adequate means of becoming acquainted with the mental state of a person whose sanity is in issue may, no doubt, give his opinion, based upon facts to be stated by him, as to whether such person was insane at the time of a specific occurrence.

(Underhill Crim. Ev., 161.) And we think that such an opinion would be admissible, subject to the limitation mentioned, upon the question whether the person inquired about had been insane, or had been an imbecile, throughout his life. But, without limitation, it would not be admissible. In State vs. Coleman, 27 Ann. 692, it was claimed that the trial judge erred in maintaining an objection to the question: "You have stated that Coleman received, in his youth, severe injuries on the head, you have stated, also, that his language and conduct were, at times, strange and extraordinary; was that conduct and language that of a rational man?" This court said: "The opinion of the witness was properly rejected. Without detailing the facts, in regard to the language and conduct of the accused, which witness thought strange and extraordinary, his opinion as to whether 'the conduct and language was that of a rational man' was calculated to mislead the jury. Language and conduct which the witness might think were not that of a rational man, might not, if disclosed, produce the same conclusion with the jury."

And so, in the case at bar, upon the face of the bill of exception, itself, it does not appear that anything more was to be elicited from the witnesses than their opinions. Whilst the judge states in his return that that was the sole purpose for which their testimony was offered. Upon the case as thus presented, we find no sufficient reason for disturbing the judgment appealed from.

It is, therefore, affirmed.